UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. |
| ) | 5:11-141-JMH |
| v. ) | |
| ) | |
| BRYAN LAMONT CAMPBELL, ) | |
| ) | |
| Defendant. ) | **MEMORANDUM OPINION & ORDER** |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court upon Defendant Campbell's Motion to Strike and Hold for Naught the Notice Regarding Enhanced Statutory Punishment [DE 168]. The United States has filed a Response [DE 171], and Defendant Campbell has filed a Reply [173] in further support of his motion. Having carefully considered Campbell's Motion, it will be denied for the reasons stated below.

Defendant Campbell first complains that the United States has erroneously named Shaquille Williams instead of him in the body of the required § 851 notice and seeks relief on those grounds. Since Campbell filed his Motion, the United States has filed an amended notice [DE 172] which names Defendant Campbell in both the caption of the case and the body of the notice. Defendant Campbell does not argue that he has been prejudiced in any way by this clerical error or the timing of the amended notice filed by the United States.

21 U.S.C. § 851(a) "provides that no person convicted of an

offense under the drug abuse prevention and control provisions shall be sentenced to increased punishment by virtue of prior convictions unless the U.S. Attorney files an enhancement information prior to trial." *United States v. Hill*, 142 F.3d. 305, 312 (6th Cir. 1998). The statute also provides that "[c]lerical mistakes in the information may be amended at any time prior to the pronouncement of sentence." *See* 21 U.S.C. § 851(a)(1). Since the statute clearly permits the amendment of the notice in this manner, Campbell is not due any relief from the notice on this ground. *See United States v. King*, 127 F.3d 483, 488-89 (6th Cir. 1997) (reversing district court ruling that United States was not permitted to amend clerical mistake concerning date of earlier conviction in § 851 notice prior to trial); *see also United States v. Baughan*, 613 F.3d 291, 295 (D.C. Cir. 2010) (no prejudice to defendant where § 851 notice incorrectly included name of co-defendant rather than defendant as subject of prior convictions where all other information, including case heading, case number, and details of the prior convictions were correct and defendant never asserted hardship or confusion as result of clerical error).

Campbell next argues that the July 13, 2006, conviction listed in the United States' notice should not be considered because it was a conviction for possession not trafficking or distributing. However, from the materials provided to the Court, it is clear that the charge and conviction were for First Degree Trafficking in a Controlled Substance, namely cocaine, in Madison Circuit Court Case

No. 2006 CR 0084-1.[1]  This Class C felony clearly falls within the meaning of "felony drug offense" as defined by 21 U.S.C. § 802(44) since the crime was punishable by imprisonment for more than one year under a law "that prohibit[ed] or restrict[ed] conduct related to narcotic drugs."  See KRS 218A.1412, 532.060(2).

Campbell next argues that the Court may not consider the August 31, 1995, conviction listed in the United States' notice when determining whether any sentence should be enhanced under § 851.  He relies on the fact that the conviction is over ten years old and argues that it would be incongruous to consider a conviction of that vintage for the purposes of enhancement under 21 U.S.C. § 851 when that sentence would not be counted in the calculation of his criminal history for sentencing purposes under U.S.S.G. § 4A1.1(c).  The Court is not persuaded.

21 U.S.C. § 851 provides no "age limit" on a prior conviction for a felony drug offense – there is no ambiguity.  Campbell's August 31, 1995, conviction for First Degree Trafficking in a Controlled Substance, Cocaine, a Class C felony, may be properly considered when evaluating the propriety of an enhancement under §

---

[1] In its Response, the government has referred to Defendant Campbell's conviction in Madison Circuit Court criminal action 2006 CR 0084-1 as one for felony *possession* of a controlled substance, a Class D felony under KRS 218A.145, punishable by at least one but not more than 5 years imprisonment under KRS 532.020(1)(a).  It appears that the United States has simply and, perhaps, unwittingly parroted Defendant Campbell's own error with respect to the cited conviction since both the United States' § 851 Notice and the attached materials indicate that the government intends to rely upon a conviction for First Degree Trafficking in a Controlled Substance, Cocaine, from that date.

851.  *See United States v. Pherigo*, 327 F.3d 690, 696 (8th Cir. 2003) (holding that it was not error to rely on prior state felony drug conviction more than ten years old when imposing enhanced sentence following § 851 notice by government and declining to apply the rule of lenity in interpreting the statute in the absence of ambiguity); *United States v. Carter*, 2:07-cr-03-DLB, 2007 WL 2407270, *1 (E.D.Ky. Aug. 20, 2007) (considering convictions from 1988 when imposing an enhanced sentence under § 851 following a 2007 information alleging prior conviction).

Further, to the extent that the difference between which prior convictions can be considered for the purposes of § 851 and U.S.S.G. 4A1.1(c) evidences inconsistency in sentencing policy, this is not an adequate legal basis for relief from an § 851 notice.  *United States v Whitelaw*, 376 Fed. App'x 584, 591 (6th Cir. 2010). Rather, Campbell "is making an argument as to general sentencing policy, which does not entitle him to relief in this particular case." *Id.*

Finally, Campbell argues that 21 U.S.C. § 851 is arbitrary and capricious and, thus, violates his right to due process since subsection (e) prohibits any challenge to a conviction which took place more than five (5) years prior to the filing of an § 851 enhancement notice by the government.[2]  He has failed, however, to

---

[2]  As the Court understands it, Campbell's challenge to his earlier convictions would be based on the fact that he was neither apprised of the existence of § 851 at the time of his prior convictions nor was he advised that he might be subject to enhanced sentencing during any subsequent federal proceedings as a result of

offer any defense for his position in light of *United States v. Reed*, 141 F.3d 644, 651-52 (6th Cir. 1998). The panel in *Reed* concluded that the five year time limit for collateral attacks on prior convictions in § 851 is constitutional because "Congress reasonably circumscribed the statutorily created right [to collaterally attack a prior conviction] found in [§] 851" creating a "'reasonable limitation on defendants to effectuate the purposes of sentence enhancement for recidivists and to eliminate a host of problems with respect to ancient or destroyed records.'" *Id*. at 652 (quoting *United States v. Gonzales*, 79 F.3d 413, 426 (5th Cir. 1996)). Thus, his claim for relief on this ground is denied as well.

Accordingly, **IT IS ORDERED** that Defendant Campbell's Motion to Strike and Hold for Naught the Notice Regarding Enhanced Statutory Punishment [DE 168] is **DENIED**. **IT IS FURTHER ORDERED** that this matter shall stand as scheduled for a pretrial conference for Friday, March 16, 2012 at 9:00 a.m.

This the 15th day of March, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

---

his convictions in the earlier state cases. He would rely on *Boykin v. Alabama*, 395 U.S. 238 (1969), which requires a person to be apprised of the subsequent effects of any conviction and the consequences which may arise therefrom.